IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES FERGUSON, JR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 4:24-CV-00063-CDL-AGH |
| | : | |
| MCDONALD'S, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Arthur James Ferguson, Jr., has now paid the required initial partial filing fee. Plaintiff also filed a motion to amend his Complaint (ECF No. 12). Plaintiff has the right to amend his Complaint once at this stage of the litigation. Fed. R. Civ. P. 15(a)(1). His motion to amend is thus **GRANTED**, and the Amended Complaint is ripe for screening pursuant to 28 U.S.C. § 1915(e). Upon screening of the Amended Complaint, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** and that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

**PRELIMINARY SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**

   **I.**   **Standard of Review**

Because Plaintiff is proceeding *in forma pauperis* in this case, the Court will conduct a preliminary screening of Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). When screening a complaint under 28 U.S.C. § 1915(e), the

Court must accept all factual allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Id.* (citation omitted). Still, § 1915(e) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.     Factual Allegations

Plaintiff's Amended Complaint is now the operative pleading in this action. This Recommendation therefore addresses only those claims and Defendants identified in the Amended Complaint. *See Riley v. Fairbanks Capital Corp.*, 222 F. App'x 897, 898-99 (11th Cir. 2007) (per curiam) (holding district court lacked subject matter jurisdiction after *pro se* plaintiff omitted federal claims from amended complaint); *see also Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal quotation marks omitted)). The factual allegations in Plaintiff's Amended Complaint are nearly identical to those in the original Complaint, however, and Plaintiff appears merely to add Pezold Management Group as a Defendant to this action. Am. Compl. 4, ECF No. 12-2.

Plaintiff contends that between December 1, 2014, and March 30, 2015, he and a friend "ate breakfast and lunch regularly at the McDonald's" restaurant located on Milgen Road in Columbus, Georgia. Am. Compl. 5, ECF No. 12-2. One morning after breakfast, "two officers of the Columbus, Georgia sheriff's department approached" Plaintiff and his friend "and stated that they were responding to a complaint from the management staff of McDonald's." *Id.* Plaintiff contends the officers asked Plaintiff and his companion for identification, "went outside to run [their] information inside of their vehicle," and "ordered [them] to leave due to the complaint called in by the management staff of the restaurant." *Id.* Plaintiff alleges they "never committed any crime at this restaurant nor

3

were we given a valid reason for being ordered by officers to leave this restaurant." *Id.* Plaintiff states, "This incident was very shocking, embarrassing, discriminatory, traumatic and insulting" because he and his friend "went from enjoying a meal to being placed in a state of fear that we would be arrested or harmed by police." *Id.* As a result of this incident, Plaintiff seeks monetary damages against McDonald's and its franchisee, Pezold Management Group. *Id.* at 4; *see also* Mot. Am. 1, ECF No. 12.

### III. Plaintiff's Claims

Plaintiff has not clearly alleged which causes of action he intends to pursue in this case. In his motion to amend, Plaintiff "wishes to clarify" that his claims "ha[ve] nothing to do with [his] current incarceration." Attach. 1 to Mot. Am. 1, ECF No. 12-1. Thus, Plaintiff contends, "[s]tating 42 U.S.C.S. § 1983 and 42 U.S.C.S. 1981 is an error on [his] behalf if it only applies to the claims of people who are incarcerated." *Id.* Plaintiff also contends this Court has federal-question jurisdiction over his claims because they are based on "[d]iscrimination, deprivation of rights, intentional infliction of emotional distress, [and] 440 civil rights." Am. Compl. 3, ECF No. 12-2. Since 42 U.S.C. §§ 1981 and 1983 do not apply only to individuals who are incarcerated, the Court has liberally construed Plaintiff's claims as being brought under these two statutes as well as Title II of the Civil Rights Act, 42 U.S.C. § 2000a *et seq*. In addition, Plaintiff brings claims under Georgia state law. *Id.*

#### A. Section 1983 Claims

42 U.S.C. § 1983 provides a cause of action against a state actor who has violated a person's federally protected rights. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th

4

Cir. 1995). To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Id.*

In this case, Plaintiff has sued only private actors—McDonald's and Pezold Management Group. A private entity "may be viewed as a state actor under § 1983 '[o]nly in rare circumstances.'" *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (per curiam) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The Eleventh Circuit uses three tests to determine whether a private actor acts under color of state law for § 1983 purposes:

> (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.

*Id.* at 54 (quoting *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003)). "A private party may also be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights." *Id.*

Plaintiff has not alleged facts sufficient to show that any named Defendant or their employees are state actors under any of these tests. The only potential allegation linking Defendants with state action is the fact that an employee contacted the police to complain about Plaintiff and his friend. Plaintiff does not allege that Defendants conspired with police to violate Plaintiff's constitutional rights, but even if he did, a "naked assertion of a

conspiracy between" state and private actors "without supporting operative facts provides an insufficient state action nexus for a section 1983 action." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Plaintiff must make "a particularized showing that a conspiracy existed between" Defendants and some state actor to state a § 1983 claim. *Id.* Plaintiff has not alleged facts sufficient to make such a showing in this case. As such, his § 1983 claims should be dismissed.

Any potential § 1983 claims Plaintiff intends to raise in this case are also time-barred. "A claim brought under section 1983 is subject to the state statute of limitations governing personal injury actions, which is two years in Georgia," pursuant to O.C.G.A. § 9-3-33. *Nance v. Comm'r, Ga. Dep't Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023). Although state law determines the applicable statute of limitations for claims under § 1983, federal law determines the date of accrual. *Id.* Under § 1983, a claim accrues when the plaintiff knows or has reason to know he has been injured, and he is or should be aware of who injured him. *Rozar v. Mullis*, 85 F.3d 556, 562 (11th Cir. 1996). Plaintiff states that the allegedly wrongful acts of Defendants occurred—and his claims therefore accrued—at some unspecified time between December 1, 2014, and March 30, 2015. Am. Compl. 5, ECF No. 12-2. Plaintiff did not sign his original Complaint in this case until April 30, 2024, more than nine years after the latest date his claims could have accrued. Compl. 5, ECF No. 1. Plaintiff's § 1983 claims are thus barred by the statute of limitations, and they are also subject to dismissal for this reason. *Hughes*, 350 F.3d at 1163 (dismissal appropriate on statute of limitations grounds where plaintiff pointed the court "to no particular reason why the statute of limitations might be tolled in his case" and the court

could "discern none from the record").

### B. Public Accommodation Discrimination Claims

Plaintiff's factual allegations align most closely with the prohibitions against discrimination in public accommodations set forth in 42 U.S.C. § 1981 and Title II of the Civil Rights Act, 42 U.S.C. § 2000a, *et seq.* Section 1981 provides "every person the same right to 'make and enforce contracts . . . as is enjoyed by white citizens.'" *Allen v. CLP Corp.*, 460 F. App'x 845, 847 (11th Cir. 2012) (per curiam) (quoting 42 U.S.C. § 1981(a)) (alteration in original). "The phrase, '[m]ake and enforce contracts,' is defined as 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Id.* at 847 n.1 (quoting 42 U.S.C. § 1981(b)) (alteration in original). Each right listed in the statute is "'protected against impairment by nongovernmental discrimination.'" *Id.* (quoting 42 U.S.C. § 1981(c)). Section 2000(a) grants all people the right to "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). The statute specifically lists restaurants as a "place of public accommodation" at which discrimination or segregation is prohibited. *Id.* § 2000a(b)(2).

A plaintiff can establish intentional discrimination under these statutes by producing "(1) direct evidence of discrimination, (2) pattern and practice evidence of discrimination, or (3) circumstantial evidence of discrimination." *Afkhami v. Carnival Corp.*, 305 F.Supp.2d 1308, 1320 (S.D. Fla. 2004). Direct evidence of discrimination requires "the

overt invocation of race by the alleged discriminator—for instance, the use of a racial slur or racially charged language." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). To prevail on a "pattern or practice theory of discrimination, a plaintiff must provide evidence sufficient to establish that impermissible discrimination was the defendant's standard operating procedure through a combination of historical, anecdotal, or statistical evidence." *Afkhami*, 305 F. Supp. 2d at 1320-21. "In other words, the plaintiff must present evidence of a pattern and practice of differential treatment affecting **other members** of his or her protected class." *Id.* at 1321.

In this case, Plaintiff has not alleged any direct evidence of discrimination or any facts suggesting Defendants engaged in a pattern or practice of discrimination. Thus, he must rely on circumstantial evidence sufficient to create an inference of intentional discrimination. To establish a plausible claim for race discrimination based on circumstantial evidence, a plaintiff "may proceed under the *McDonnell Douglas* burden-shifting framework, which was originally conceived for Title VII claims." *Ziyadat*, 3 F.4th at 1296. Using this framework, "the plaintiff must point to comparators of a different race who were 'similarly situated in all material respects' and were not subject to the same mistreatment." *Id.* (quoting *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1229 (11th Cir. 2019) (en banc)). For purposes of his § 2000a claims, Plaintiff must therefore show:

> that he (1) is a member of a protected class, (2) attempted to contract for services and afford himself the full benefits and enjoyment of a public accommodation, (3) was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his protected class who received full benefits or were treated better.

8

*Smith v. Waffle House*, Civil Action No. 1:23-cv-02135-SDG, 2023 WL 4686235, at *3 (N.D. Ga. July 21, 2023).  For purposes of his § 1981 claims, Plaintiff must similarly show:

> (1) the individual is a member of a protected class; (2) the allegedly discriminatory conduct concerned one or more of the activities enumerated in the statute . . . ; and (3) the defendant treated the plaintiff less favorably with regard to the allegedly discriminatory act than it treated other similarly-situated persons outside of the individual's protected class.

*Jackson v. Waffle House, Inc.*, 413 F.Supp.2d 1338, 1356 (N.D. Ga. 2006).  Because of their similarities, claims under § 1981 and § 2000a are often analyzed together.  *Afkhami*, 305 F. Supp.2d at 1320; *see also Smith*, 2023 WL 4686235, at *3 (noting that "the elements of a Section 2000a claim and a Section 1981 claim are substantially the same").

In this case, Plaintiff has failed to allege a plausible circumstantial case of racial discrimination.  He has not alleged that he was a member of a protected class or that he "was treated differently from comparators who were similarly situated to him in all material respects."  *Cf. Ziyadat*, 3 F.4th at 1296-97 (holding that plaintiff's allegations of race discrimination were sufficient to survive motion to dismiss where he "engaged in the same basic conduct" as other non-Arab hotel guests but employee "singled out him and his fiancée, fabricated a story about them, and caused them to be evicted"); *see also McArthur ex rel. McArthur v. Castleberry*, No. 7:23-cv-105 (MTT), 2024 WL 2834457, at *7 (M.D. Ga. June 4, 2024) (dismissing § 2000a public accommodation claim where, among other things, complaint was "devoid of allegations that any similarly situated individual outside his protected class was subject to more favorable treatment" and "mention[ed] no other person who had a similar experience with Defendants"); *Nganga v. Robins Fed. Credit Union*, Civil Action No. 5:22-CV-144 (MTT), 2022 WL 14786941, at *3 (M.D. Ga. Oct.

9

25, 2022) (dismissing § 1981 claim on preliminary screening where plaintiff failed to "allege[] a single other comparator, much less one who was similarly situated in all material respects").[1]

Plaintiff provides few details about his encounter with Defendants, none of which suggest that Defendants or their employees intentionally discriminated against him on the basis of his race or another protected category. In short, "Plaintiff's bare conclusory allegation[] that Defendants discriminated against him . . . is not enough to avoid dismissal." *Thomas v. Murphy Oil Corp.*, 777 F. App'x 377, 380 (11th Cir. 2019) (per curiam) (affirming dismissal of plaintiff's claims where he "alleged no facts from which a factfinder could infer reasonably that Plaintiff's mistreatment was motivated by racial animus or that Plaintiff was treated less favorably than similarly situated non-African American customers"); *Allen*, 460 F. App'x at 848-49 (plaintiff failed to produce evidence of discriminatory intent where he did not show individuals in restaurant were "similarly situated" or "provide evidence of markedly hostile conduct on the part of restaurant employees"). Plaintiff's claims under § 1981 and § 2000a should accordingly be dismissed.

---

[1] Plaintiff does not necessarily have to establish a prima facie case under the *McDonnell Douglas* standard at this early stage in the litigation. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."). Plaintiff must nevertheless allege *some* facts that suggest that Defendants intentionally discriminated against him to state an actionable claim. *Iqbal*, 556 U.S. at 678. He has not done so in this case.

Even if Plaintiff had stated an actionable § 1981 claim, it would be barred by the applicable statute of limitations. Courts in the Eleventh Circuit have determined that Georgia's two-year statute of limitations for personal injury actions applies to claims brought pursuant to § 1981 alleging discriminatory service at restaurants. *Jackson,* 413 F. Supp. 3d at 1357.[2] As noted above, Plaintiff did not bring his claims for more than nine years after the latest date his cause of action may have accrued. Plaintiff's § 1981 claims are therefore time-barred and could also be dismissed as such.

There is no statute of limitations for Plaintiff's § 2000a claims because "only equitable relief is available under § 2000a." *Jackson*, 413 F. Supp. at 1362. Plaintiff does not seek equitable relief in this action, only monetary damages. Am. Compl. 4, ECF No. 12-2. Plaintiff's § 2000a claims should therefore be dismissed because he "cannot—as a matter of law—state a claim for which the requested relief may be granted." *Thomas*, 777 F. App'x at 379-80 (affirming dismissal of § 2000a claims where plaintiff sought only money damages and not injunctive relief).

Even if Plaintiff had requested injunctive relief, he has not alleged facts sufficient to show that he has standing to raise such a claim. To state a claim for injunctive relief, "the plaintiff 'must show a real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury.'" *Jackson v. Motel 6*

---

[2] Some plaintiffs have characterized this type of case as one for "discriminatory contract terms, conditions, and termination of a contract made possible by the Civil Rights Act amendments of 1991 and subject to the four-year federal catch-all statute of limitations of [28 U.S.C.] § 1658(a)." *Jackson*, 413 F. Supp. 2d at 1356-57. Courts have generally rejected this theory, *see id.,* but even if the four-year limitations period applied, Plaintiff's claims would still be untimely.

11

*Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 945, 111 (1983)).  Plaintiff's claims are based upon a single incident of alleged discrimination nine years ago, and he has not alleged any facts that would support a contention that he will be discriminated against in the future, particularly given his current incarceration.  Plaintiff therefore lacks standing to bring any claim for injunctive relief under § 2000a, and any such claims are subject to dismissal.  *McArthur*, 2024 WL 2834457, at *8 ("Absent allegations that there is a likelihood Plaintiff will encounter Defendants in the future and be subject to the same unlawful conduct, Plaintiff fails to show he has standing to pursue injunctive relief.").

### C. State Law Claims

Plaintiff's remaining claims all appear to arise under Georgia state law.  Am. Compl. 4, ECF No. 12-2.  If the Court "dismisse[s] all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" any state law claims Plaintiff seeks to assert.  28 U.S.C. § 1367(c)(3).  Thus, if the Court adopts the recommendation to dismiss Plaintiff's federal law claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice.

## IV. Conclusion

Based on the foregoing, Plaintiff's motion to amend (ECF No. 12) is **GRANTED**, but it is **RECOMMENDED** that (1) Plaintiff's federal law claims be **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted and (2) the

Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISS** those claims **without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 8th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge